**MDL 1446**

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

OCT 16 2002

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

## DOCKET NO. 1446

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE ENRON CORP. SECURITIES, DERIVATIVE & "ERISA" LITIGATION

*Sherrill Thomas v. Arthur Andersen, LLP*, M.D. Alabama, C.A. No. 2:02-335
*Terry A. Perrin, et al. v. Arthur Andersen, LLP, et al.*, N.D. California, C.A. No. 3:02-1533
*Peter A. Pfau, et al. v. Eugene H. Lockhart, et al.*, S.D. New York, C.A. No. 7:02-1550
*Irvin Solomon v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-1763
*Dorina Miller v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-1876
*Lisa A. Weber v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-1977
*Jack A. Halpren v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-2268
*Victor Parker v. Newpower Holdings, Inc., et al.*, S.D. New York, C.A. No. 7:02-2360
*Patricia O'Donoghue, et al. v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-2701
*Christophe J. Amon v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-2798
*Rosalyn M. Haratz v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-2829
*Paul E. Tag v. H. Eugene Lockhart, et al.*, S.D. New York, C.A. No. 7:02-3025
*Manisha Patel v. Newpower Holdings, Inc., et al.*, S.D. New York, C.A. No. 7:02-3170
*Mildred Spector v. Kenneth L. Lay, et al.*, D. Oregon, C.A. No. 3:02-394
*David Jose, et al. v. Arthur Anderson, LLP, et al.*, W.D. Texas, C.A. No. 5:02-187

## *BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR,* *BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN AND J. FREDERICK MOTZ,* *JUDGES OF THE PANEL*

### *ORDER*

Before the Panel are motions brought, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by parties seeking to vacate Panel orders conditionally transferring one or more of fifteen actions to the Southern District of Texas for inclusion in the centralized pretrial proceedings occurring there in this docket before Judge Melinda Harmon. The motions can be grouped into two groups as follows: i) motions of plaintiffs in four Middle District of Alabama, Northern District of California, District of Oregon, and Western District of Texas actions -- whose oppositions to transfer are rooted primarily in their contention that federal jurisdiction is lacking in their respective actions; and ii) motions of all plaintiffs and certain defendants in eleven Southern District of New York

---

*Judges Sear and Motz took no part in the decision of this matter.

**OFFICIAL FILE COPY**

IMAGED OCT 17 '02

actions – whose oppositions are predicated primarily on the contention that the eleven actions do not share sufficient questions with previously centralized MDL-1446 actions to warrant Section 1407 transfer.

On the basis of the papers filed and hearing session held, the Panel finds that the four actions pending outside the Southern District of New York involve common questions of fact with actions in this litigation previously transferred to the Southern District of Texas, and that transfer of the four actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. The Panel is persuaded that transfer of the actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Southern District of Texas was a proper Section 1407 forum for actions sharing factual questions concerning allegedly negligent and/or fraudulent conduct relating to the financial collapse of Enron Corp. (Enron). *See In re Enron Corp. Securities, Derivative & "ERISA" Litigation*, 196 F.Supp.2d 1375 (J.P.M.L. 2002). To those parties who urge the Panel not to order transfer before their remand or jurisdictional motions are resolved by their transferor court, we note that remand and other motions, if not resolved in the transferor court by the time of Section 1407 transfer, can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

Transfer of one of the four non-New York actions raises another issue, however. The Northern District of California action (*Perrin*) is brought against accounting firm defendant Arthur Andersen (Andersen) by plaintiffs seeking to represent a putative class of common shareholders of Enron and/or Global Crossing, Ltd. (Global Crossing). At the time of the issuance of the Panel's order conditionally transferring *Perrin* for inclusion in MDL-1446, the Panel had not yet ordered the separate Section 1407 centralization in the Southern District of New York of actions involving securities law and ERISA claims brought by Global Crossing shareholders. *See In re Global Crossing Ltd. Securities & "ERISA" Litigation*, MDL-1472, 2002 U.S. Dist. LEXIS 16863 (J.P.M.L. Sept. 6, 2002). Had that docket already been centralized, the Panel would have entered a different conditional transfer order with respect to *Perrin*, because *Perrin* appears to involve questions of fact which are common to both MDL-1446 and MDL-1472. The Panel's order would have conditionally i) transferred *Perrin* to the Southern District of Texas for inclusion in MDL-1446, ii) separated and remanded to the Northern District of California the Global Crossing claims in *Perrin*, and iii) retransferred the Northern District of California's remanded *Perrin* to the Southern District of New York for inclusion in MDL-1472. Under the present scenario, what would have been a single process has become a two step process. Accordingly, concurrently with the Section 1407 transfer of *Perrin* to the Southern District of Texas, we will sever and remand the *Perrin* Global Crossing claims to the Northern District of California. We will then issue another conditional transfer order in MDL-1472 regarding the Global Crossing claims in the remanded *Perrin*.

With respect to the eleven Southern District of New York actions now before the Panel, we conclude, on the basis of the papers filed and hearing session held, that transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Unlike the other MDL-1446 actions, which are brought by or on behalf of shareholders or bondholders of Enron, the eleven New York actions involve claims of shareholders of another public company,

- 3 -

NewPower Holdings, Inc. (NewPower). Because i) prior to its emergence as a publicly held company NewPower was an Enron subsidiary, ii) Enron continued to be a significant minority holder in NewPower, iii) accounting firm Andersen did auditing work for both Enron and NewPower, and iv) certain individuals served as officers or directors of both Enron and NewPower, there may well be some overlap between the eleven New York actions and the other MDL-1446 actions. Upon further review, however, it appears that the conduct purporting to form the basis for legal liability in the eleven New York actions is largely distinct from the operative conduct at issue in MDL-1446. Accordingly, we are not persuaded that the eleven actions share sufficient questions with MDL-1446 to warrant their transfer.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, transfer of the eleven Southern District of New York actions is denied.

IT IS FURTHER ORDERED, that, pursuant to 28 U.S.C. § 1407, the four Middle District of Alabama, Northern District of California, District of Oregon, and Western District of Texas actions are transferred to the Southern District of Texas and, with the consent of that court, assigned to the Honorable Melinda Harmon for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

IT IS FURTHER ORDERED, that, pursuant to 28 U.S.C. § 1407(a), the Global Crossing claims in *Terry A. Perrin, et al. v. Arthur Andersen, LLP, et al.*, N.D. California, C.A. No. 3:02-1533, are remanded to the Northern District of California.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman